# THE ST. LOUIS BRIDGE COMPANY
## v.
## SARAH E. FELLOWS, ADMINISTRATRIX.

*Railroads—Bridge Company—Personal Injuries—Defective Track—Repairs—Special Findings.*

In an action to recover from a bridge company damages for the death of one of its employes, alleged to have been occasioned by the negligent construction of its roadbed and track and its failure to keep the latter in proper repair, this court holds that the verdict for the plaintiff is not justified by the evidence, the special findings upon which the same must be assumed to have been based being contradicted by, and not reconcilable with, the facts proven.

[Opinion filed November 1, 1889.]

APPEAL from the City Court of East St. Louis, St. Clair County; the Hon. B. H. CANBY, Judge, presiding.

Messrs. G. and G. A. KOERNER, for appellant.

Messrs. WILLIAM P. LAUNTZ and JESSE M. FREELS, for appellee.

GREEN, J. This suit was brought by appellee under the statute to recover damages for the death of her son, the intestate, alleged to have resulted from the negligence of the defendants. The jury found defendants guilty and assessed plaintiff's damages at $5,000. Defendant's motion for a new trial was overruled, the court entered judgment on the verdict, whereupon defendants took this appeal. The negligence charged is failure to keep engine in proper repair and condition, failing to properly construct roadbed and track, and failing to repair track and make it reasonably safe. No evidence showing the engine to have been out of repair was introduced, and appellee abandons that charge, but insists it appears by the evidence that the track at place of accident,

St. Louis Bridge Co. v. Fellows.

built two years prior thereto, was dangerously defective in its construction and was suffered by defendant to remain in such dangerous and defective condition until the time of the accident, and in consequence of such negligence deceased was killed, and without fault on his part.   At the time of the accident he was a switchman in defendant's employ, was on the foot-board of a switch engine that was passing from one track onto another in the defendant's yard, when the engine suddenly jumped the track, and deceased either jumped or fell off, and the derailed engine struck him, and the injury causing his death resulted.   All the testimony except that of one witness was given by witnesses introduced and examined on behalf of plaintiff; their credibility she can not impeach; and each and every one of them who knew, or claimed to know the condition of the track at the place and time of accident, or immediately before and after it occurred, testified the track then and there was in good safe condition and repair.

Some of these witnesses say if the track is all right and the engine all right and running at a moderate rate of speed it ought not to jump off the track; but they uniformly add, such accidents do occur where neither the track nor engine appear to be out of repair and no cause can be discovered. The only expert introduced and examined as to the mode of construction was Taussig, a civil engineer employed by defendants, and by his testimony it appears the track and switch at place of accident were properly constructed, of the best materials, and in the safest and most approved mode known.   If he was mistaken, and the track at place of accident was dangerously defective in its construction, as claimed by appellee, it seems strange the testimony of other experts was not procured to support such contention, instead of the testimony of Hakes, Bennett and Wilson, relied on for that purpose.   Hakes admitted he knew nothing of the business of constructing tracks or switches.   Bennett did not testify that the mode of construction was unsafe or improper, but did say these yards are the best outfit of yards he ever worked in, and are put up in the best shape; and the statement in Wilson's testimony that the rail where the engine

went off was *probably* not properly laid, is a mere opinion and not based on a personal examination. We find no evidence establishing the charge that the track and roadbed at place of accident was not properly constructed, and the special findings of the jury indicate they did not believe such charge was proved. In answer to the question, "What officer, agent, employe or servant of one of the defendants was guilty of negligence resulting in the death of Fellows?" they say, "The officer in charge of said *track repairing.*" The answer to the question, "In what did the negligence of such officer, agent or employe consist?" is, "In *failing to keep* said track in proper condition." These answers fairly imply the jury found the negligence to be a failure to repair track and thus keep it in safe condition, and not a failure to construct it properly. These special findings are contradicted by, and are not reconcilable with, the facts proven, and the general verdict, which we must hold was based on these findings, ought to have been set aside below. St. L. & S. E. Ry. Co. v. Britz, 72 Ill. 257. We discover no evidence in this record justifying the verdict, and reverse the judgment and remand the cause.

*Reversed and remanded.*